UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| NATASHA COTTIER,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 15-cv-04917-NJV<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** |

On September 16, 2016, the court entered an Order (Doc. 14), *sua sponte* granting Plaintiff an additional fourteen (14) days to file a motion for summary judgment and warning Plaintiff that failure to file a motion would result in the dismissal of this action for failure to prosecute. Plaintiff has failed to file a motion or otherwise respond to the court.

Plaintiff filed the Complaint (Doc. 1) seeking judicial review of an administrative law judge ("ALJ") decision denying Plaintiff's application for disability benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3). Both parties consented to the jurisdiction of a magistrate judge. (Docs. 6 & 10). Following service, the Commissioner filed an Answer and lodged the administrative transcript. (Docs. 12 & 13). Both the Answer and the transcript were served on Plaintiff in paper form by mail. *See* Cert. of Service (Doc. 12-1 & 13-12). Pursuant to the Social Security Procedural Order (Doc. 14) entered in this case, Plaintiff was required to "serve and file a motion for summary judgment or for remand within thirty days of service of defendant's answer." Because more than thirty days had passed since the Commissioner had filed her Answer, and Plaintiff had not filed her motion, the court entered the Order granting Plaintiff an additional 14 days to file her motion. As Plaintiff has disregarded the court's order, the court finds this matter

appropriate for dismissal under Federal Rule of Civil Procedure 41(b).

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet* 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61).

The court finds that these factors support dismissal. First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). Second, the court's need to manage its docket weighs in favor of dismissal. It is clear Plaintiff has no interest in participating in this matter and the court cannot manage its docket when the prosecuting party will not participate. Third, the risk of prejudice to the defendant generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan,* 291 F.3d at 642. However, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Lamina v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). Plaintiff has not overcome this presumption and, thus, this factor weighs in favor of dismissal. Fourth, there appears no available less drastic alternative. The court has already *sua sponte* granted Plaintiff a continuance and warned Plaintiff that failure to file a brief would result in dismissal. Despite that warning Plaintiff has failed to comply with the court's order. The court finds that there is no available less drastic alternative and this factor weighs in favor of dismissal. The fifth factor weighs against dismissal, because "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.

Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263). Here, four out of five factors support dismissal.

2

Accordingly, it is ORDERED that this case is DISMISSED without prejudice for failure to prosecute.

A separate judgment shall issue.

**IT IS SO ORDERED**.

Dated: October 31, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASHA COTTIER,<br><br>      Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Case No. 15-cv-04917-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee of the U.S. District Court, Northern District of California.

That on October 28, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Natasha Cottier
P.O. Box 451
Orleans, CA 95556


Dated: October 31, 2016

                                      Susan Y. Soong
                                      Clerk, United States District Court

                                      By:_____
                                      Robert Illman, Law Clerk to the
                                      Honorable NANDOR J. VADAS